UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAYMOND STROMINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:15-cv-01654-TWP-DML |
| ) | |
| INDIANA DEPT. OF CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Amended Complaint
And Directing Plaintiff to Report on Misjoined Claims**

### I.     Amended Complaint

The plaintiff's amended complaint filed on November 19, 2015, completely supersedes and replaces the original complaint.

The plaintiff is an inmate currently confined at the Pendleton Correctional Facility ("Pendleton") but was formerly confined at the Wabash Valley Correctional Facility ("Wabash Valley"). He is confined in a wheelchair. The incidents giving rise to the claims in the amended complaint all occurred at Wabash Valley.

The amended complaint names the following defendants: 1) the Indiana Department of Correction; 2) Lt. C. Nicholson; 3) Physical Plant Director G. Eaton; 4) ADA Coordinator B. Kirton; 5) Unit Team Manager J. Snyder; 6) Safety Hazard Manager J. Hendrix; 7) ACA Coordinator J. Lytle; 8) Lt. L. Petty; 9) Caseworker D. Thompson; 10) Executive Assistant of Legal Services L. Hoefling; 11) Sgt. Cobb; 12) Sgt. Wilson; 13) Sgt. Joyner; 14) Major D. Russell; 15) Dr. S. Byrd; 16) Officer Harris; and 17) two John Does. The individual defendants are sued in their individual and official capacities.

Mr. Strominger alleges that the defendants have failed to reasonably accommodate him for his disabilities in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq*. (the "ADA"), and the Rehabilitation Act, 29 U.S.C. § 794 ("RA"). He also alleges that his Eighth Amendment and Fourteenth Amendment rights have been violated.[1] He seeks injunctive relief and compensatory and punitive damages for physical and emotional injuries.

The Court discerns that the amended complaint alleges the following claims:

1) The plaintiff was denied access to outdoor recreation for 10 months from December 2013 until June 2014, because the wheelchair ramp had a hole in it. Defendant Lt. Nicholson allegedly failed to timely and properly repair the ramp in violation of the ADA and RA.

2) The plaintiff was temporarily moved to a different cell and thereby denied showers that had a secured mounted chair from April 17, 2014, until April 22, 2014. He was given a plastic shower chair instead, which he alleges violated the ADA and RA. He notified defendants Snyder, Petty, Thompson, Kirton of his safety concerns. Defendants Petty responded by saying that defendants Hendrix and Lytle said that the plastic shower chair was compliant. Defendant Snyder responded the same way and forwarded the plaintiff's letter to defendant Eaton. Defendant Thompson told the plaintiff that the plastic chair was adequate. The plaintiff also asserts that these circumstances deliberately deprived him of the basic hygiene of a shower.

3) The plaintiff was temporarily placed in a non-handicapped cell from April 15, 2014, until April 22, 2014, which he alleges failed to make reasonable accommodations for his disability. The toilet sink combo was too low to roll his wheelchair under it without bruising his knees and feet, and it was difficult to transfer to the toilet because there was

---

[1] The plaintiff mentions the First Amendment on page 6 of the amended complaint, but no allegations support a First Amendment violation.

no grip bar. On April 17, 2014, the plaintiff complained in writing to defendants Snyder, Petty, Kirton, Thompson. He filed a grievance which was denied. He alleges that these conditions also deprived him of safe living conditions.

4) The plaintiff was denied showers that had a secured mounted chair from May 26, 2015, until July 1, 2015. He was given a plastic shower chair instead.

5) The plaintiff was again placed in a cell from May 26, 2015, until July 1, 2015, that had an allegedly unsafe toilet sink combo.

6) On May 26, 2015, the plaintiff was to be transported in a non-wheelchair accessible van. When the plaintiff did not get himself into the van, Sgt. Wilson ordered Sgt. Cobb, Officer Harris and two John Doe officers to put the plaintiff in the van. Sgt. Cobb, Officer Harris, and the two unnamed officers allegedly used excessive force when loading him into the van, causing extreme pain in his wrists, shoulders, and chest. In response to a grievance filed later, Major Russell responded by stating that there was no record stating that the plaintiff required a wheelchair accessible van to be transported. The plaintiff alleges that not providing him transportation in a wheelchair accessible van violated his right to reasonable accommodations under the ADA and RA. He also alleges that the individual officers subjected him to excessive use of physical force.

7) Once the plaintiff was delivered to the CCU, he asked to be seen by medical. The plaintiff saw Dr. Byrd on June 2, 2015. Dr. Byrd refused to listen to the plaintiff, would not order x-rays of his wrists, and told the plaintiff that nothing was wrong with him. The plaintiff alleges that Dr. Byrd deliberately denied him adequate medical treatment.

The amended complaint does not set forth any claim that properly joins all defendants. In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals explained that

"[u]nrelated claims against different defendants belong in different suits." In such a situation, "[t]he court may . . . sever any claim against a party." FED. R. CIV. P. 21. The amended complaint adds a new claim concerning the denial of medical care. The Court now concludes that the claims in the amended complaint are unrelated and should properly be brought in five total lawsuits. The number of defendants and distinct facts would make a single lawsuit far too unwieldy to proceed as presented.

## II. Misjoined Claims

All of the claims in this action are misjoined.

Claim 1 concerns the unrepaired ramp to the outside recreation area.

Claims 2 and 4 would be asserted in a single action because they both allege the denial of access to showers with a secured mounted seat during two different periods of time.

Claims 3 and 5 would be asserted in a single action because both allege the denial of an accessible cell which resulted in injuries to his knees and feet during two different periods of time.

Claim 6 alleges the denial of an accessible van and excessive force on May 26, 2015, by Officers Cobb and Harris. (John Doe defendants would be dismissed unless and until they are identified.).

Claim 7 alleges deliberate indifference to a serious medical need on June 2, 2015, by Dr. Byrd.

The plaintiff is the master of his complaint and shall be given the opportunity to determine **which claim(s) he wishes to be considered in this action and whether he wishes to have any or all of the remaining claims severed into new cases.** *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) (noting that the composition and content of the complaint are entirely the responsibility of the plaintiff, for "even *pro se* litigants are masters of their own complaints and

may choose who to sue-or not to sue").

For each new action opened, the plaintiff will be responsible for a filing fee for the new case. The screening requirement of 28 U.S.C. § 1915A(b) will also be triggered for this case and each new case.

The plaintiff shall have **through January 25, 2016,** in which to **notify the Court** 1) which claim he wishes to be considered in this case, 1:15-cv-1654-TWP-DML, and 2) which claims, if any, he wishes the Court to sever into new actions. If the plaintiff fails to so notify the Court, the Court will determine which single claim will be considered in this case, will screen that claim, and then the remaining misjoined claims will be considered abandoned and will be dismissed without prejudice.

The plaintiff's motion requesting a stamped copy of his amended complaint [dkt. 6] is **granted.** The clerk shall include a copy of the file-stamped copy of the amended complaint (docket 5) with the plaintiff's copy of this Entry.

**IT IS SO ORDERED.**

Date: 12/28/2015

_(signature)_

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Raymond Strominger
160814
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

**NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**