UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAYMOND STROMINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:15-cv-01654-TWP-DML |
| ) | |
| INDIANA DEPT. OF CORRECTIONS, et al., ) ) | |
| ) | |
| Defendants. ) | |

**Entry Screening Amended Complaint, Dismissing and Severing Certain Claims, and Directing Service of Process**

**I.     Screening Amended Complaint Claims 1 through 5**

The plaintiff, Raymond Strominger, is an Indiana inmate, currently confined at the Pendleton Correctional Facility but was formerly incarcerated at the Wabash Valley Correctional Facility ("Wabash Valley"). He is confined to a wheelchair. The incidents giving rise to the claims in the amended complaint all occurred at Wabash Valley.

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), the amended complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted).

The amended complaint names the following defendants: 1) the Indiana Department of Correction; 2) Lt. C. Nicholson; 3) Physical Plant Director G. Eaton; 4) ADA Coordinator B. Kirton; 5) Unit Team Manager J. Snyder; 6) Safety Hazard Manager J. Hendrix; 7) ACA Coordinator J. Lytle; 8) Lt. L. Petty; 9) Caseworker D. Thompson; 10) Executive Assistant of Legal Services L. Hoefling; 11) Sgt. Cobb; 12) Sgt. Wilson; 13) Sgt. Joyner; 14) Major D. Russell; 15) Dr. S. Byrd; 16) Officer Harris; and 17) two John Does. The individual defendants are sued in their individual and official capacities.

The plaintiff alleges that the defendants have failed to reasonably accommodate him for his disabilities in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.* (the "ADA"), and the Rehabilitation Act, 29 U.S.C. § 794 ("RA"). He also alleges that his Eighth Amendment and Fourteenth Amendment rights have been violated.[1] Those claims are brought within the context of 42 U.S.C. § 1983. The plaintiff also seeks injunctive relief and compensatory and punitive damages for physical and emotional injuries.

Any claims for injunctive relief are **dismissed as moot** because the plaintiff is no longer confined at Wabash Valley. *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 670 n. 3. (7th Cir. 2012).

**This action shall proceed** with respect to Claim 1: plaintiff's claim that he was denied access to outdoor recreation for over 10 months, beginning in December of 2013, because Lt. C. Nicholson failed to timely and properly repair a wheelchair ramp. The plaintiff alleges that these circumstances violated his rights under the ADA and RA. Relief available under the ADA and RA "is coextensive." *Jaros*, 684 F.3d at 671. For the present, however, the ADA and RA claims shall

---

[1] The plaintiff mentions the First Amendment on page 6 of the amended complaint, but no allegations support a First Amendment violation. Any alleged First Amendment claim is **dismissed for failure to state a claim upon which relief can be granted.**

proceed against the Indiana Department of Correction. The plaintiff also alleges that his Eighth Amendment and Fourteenth Amendment rights have been violated. The constitutional claims for damages shall proceed against Lt. C. Nicholson in his individual capacity only. *Id.* at 670. (the ADA does not provide a cause of action against individual employees). The Court will direct issuance of process to the defendants for this claim in Part IV of this Entry.

In Claim 2, the plaintiff alleges that he was denied a shower that had a secured mounted chair from April 17, 2014, until April 22, 2014. He was given a plastic shower chair instead, which he alleges violated the ADA and RA. He alleges that he notified defendants Snyder, Petty, Thompson, and Kirton of his safety concerns. This claim is **dismissed as frivolous and for failure to state a claim upon which relief can be granted** especially in light of his prior litigation, because this six-day circumstance fails to rise to the level of a constitutional violation or intentional discrimination under the ADA or RA. *See Strominger v. Brock,* No. 14-1310, 592 Fed.Appx. 508, 511 (7th Cir. Nov. 12, 2014) (giving Strominger a plastic chair for use in the shower for 34 days and again for 133 days did not constitute the denial of minimal civilized measure of life's necessities, he merely "did not receive the level of accommodation that he wished.").

In Claim 3, the plaintiff alleges that he was placed in a non-handicapped cell from April 15, 2014, until April 22, 2014, which he alleges failed to make reasonable accommodations for his disability. The toilet sink combo was allegedly too low to roll his wheelchair under it without bruising his knees and feet, and it was difficult to transfer to the toilet because there was no grip bar. This claim is **dismissed for failure to state a claim upon which relief can be granted** because the temporary, week long duration is not sufficient to rise to the level of a denial of the minimal civilized measure of life's necessities under the Eighth Amendment. *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (to be sufficiently objectively serious, a plaintiff must allege a

denial of "the minimal civilized measure of life's necessities" to state an Eighth Amendment claim) (internal quotation omitted). The plaintiff was able to use the facilities in his cell although with more difficulty. In addition, the plaintiff alleges no facts that would allow an inference that the temporary placement in the cell was the result of intentional discrimination sufficient to state a claim under the ADA or RA. *See Morris v. Kingston,* 368 Fed.Appx. 686, 689 (7th Cir. March 10, 2010) ("Title II [of the ADA] only provides for damages if a public official *intentionally* discriminates because of disability.").

In Claim 4, the plaintiff alleges that he was again, from May 26, 2015, through July 1, 2015, given a plastic chair to use in the shower. This claim is **dismissed for failure to state a claim upon which relief can be granted** for the same reasons Claim 2 is dismissed in this Entry. This is another temporary circumstance that did not deny the plaintiff any of life's necessities. *See Strominger,* 592 Fed.Appx. at 511 (133 days of shower with plastic chair was not unconstitutional nor did it violate the ADA or RA).

In Claim 5, the plaintiff alleges that from May 26, 2015, through July 1, 2015, he was placed in a cell that had a toilet sink combo which was unsafe for him. This claim is **dismissed for failure to state a claim upon which relief can be granted** for the same reasons that Claim 3 is dismissed.

No partial final judgment shall issue as to the claims dismissed in this Entry.

## II.     Severance of Claims 6 and 7

### A.  Legal Standard

In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals explained that "[u]nrelated claims against different defendants belong in different suits." Rule 20 allows joinder of multiple defendants only when the allegations against them involve the same transaction or

occurrence and common questions of fact and law. Claims 6 and 7 do not involve the same occurrences or common questions of fact and involve defendants different than the other claims.

In such a situation, "[t]he court may . . . sever any claim against a party." FED. R. CIV. P. 21. Generally, if a district court finds that a plaintiff has misjoined parties, the court should sever those parties or claims, allowing those grievances to continue in spin-off actions, rather than dismiss them. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). That is the remedy which will be applied to the amended complaint. Two new actions will be opened.

### B. Claim 6

Plaintiff's Claim 6 alleges that on May 26, 2015, he was to be transported in a non-wheelchair accessible van. When the plaintiff was unable to get himself into the van, Sgt. Wilson ordered Sgt. Cobb, Officer Harris, and two John Doe officers to put the plaintiff in the van. Sgt. Cobb, Officer Harris, and the two unnamed officers allegedly used excessive force when loading the plaintiff into the van, causing extreme pain in his wrists, shoulders, and chest. In response to a grievance filed later, Major Russell responded by stating that there was no record stating that the plaintiff required a wheelchair accessible van to be transported. The plaintiff alleges that not providing him transportation in a wheelchair accessible van violated his right to reasonable accommodations under the ADA and RA. He also alleges that the individual officers subjected him to excessive use of physical force.

Claim 6 is **severed from the amended complaint.**

*This claim will be screened after the filing fee issues are resolved in the new action.*

To effectuate the severance of Claim 6, a new civil action from the Indianapolis Division shall be opened, consistent with the following:

1. Raymond Strominger shall be the plaintiff in the newly opened action.

2. The Nature of Suit in the newly opened action shall be 555.

3. The Cause of Action of the newly opened action shall be 42:1983pr.

4. The judicial assignment shall be by random draw.

5. The amended complaint in this action (docket 5) shall be filed and re-docketed as the complaint in the newly opened action.

6. A copy of this Entry shall be docketed in the newly opened action.

7. This action and the newly-opened actions shall be shown with each other as linked actions.

8. The defendants in the newly opened action shall be Sgt. Wilson, Sgt. Cobb, Officer Harris, two John Doe officers, Major Russell, and the Indiana Department of Correction.

### C. Claim 7

Plaintiff's Claim 7 alleges that when he was delivered to the CCU on or about May 26, 2015, he asked to be seen by medical personnel. The plaintiff saw Dr. Byrd on June 2, 2015, however, Dr. Byrd refused to listen to the plaintiff, would not order x-rays of his wrists, and told the plaintiff that nothing was wrong with him. The plaintiff alleges that Dr. Byrd deliberately denied him adequate medical treatment.

Claim 7 is **severed from the amended complaint.**

*This claim will be screened after the filing fee issues are resolved in the new action.*

To effectuate the severance of Claim 7, a new civil action from the Indianapolis Division shall be opened, consistent with the following:

1. Raymond Strominger shall be the plaintiff in the newly opened action.

2. The Nature of Suit in the newly opened action shall be 555.

3. The Cause of Action of the newly opened action shall be 42:1983pr.

4. The judicial assignment shall be by random draw.

5. The amended complaint in this action (docket 5) shall be filed and re-docketed as the complaint in the newly opened action.

6. A copy of this Entry shall be docketed in the newly opened action.

7. This action and the newly-opened actions shall be shown with each other as linked actions.

8. The defendant in the newly opened action shall be Dr. Byrd.

### III. Claim 1 Shall Proceed in this Action

The claims in the newly-opened actions are distinct from the claims in this action.

This action, docketed as No. 1:15-cv-01654-TWP-DML shall proceed as to Claim 1, asserted against defendants Indiana Department of Correction and Lt. Nicholson.

All other claims against all other defendants are dismissed from this action without prejudice.

### IV. Service of Process as to Claim 1

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c) to issue process to defendants Indiana Department of Correction and Lt. C. Nicholson in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on November 19, 2015 (docket 5), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**The clerk shall update the docket** to reflect the dismissal of all defendants other than the Indiana Department of Correction and Lt. C. Nicholson.

**IT IS SO ORDERED.**

Date:  1/27/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Raymond Strominger
160814
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

Indiana Department of Correction
302 W. Washington Street, Rm. E-334
Indianapolis, IN 46204

Lt. C. Nicholson
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 500
Carlisle, IN 47838-500

**NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**